# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

AMELIA MASK                                                                                           PLAINTIFF
*on behalf of*
EKM

v.                                              1:18cv00038-DPM-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D.P Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Amelia Mask, on behalf of her minor son, EKM, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.  Both parties have submitted briefs and the case is ready for a decision.

EKM was previously found to be disabled under the Social Security Act on May 10, 2012 - the comparison point decision (CPD).  (Tr. 251.)  The Commissioner determined EKM had the

medically determinable impairments of Bartter's syndrome,[1] growth delays, and speech delays, and these impairments medically equaled Listing 111.09. (*Id.*) However, upon a disability review, the Commissioner determined he was no longer disabled as of October 1, 2015, because he had medically improved and did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 248-271.)

To determine whether a claimant under the age of 18 continues to be disabled, the Commissioner uses a three-step evaluation process. *See* 20 C.F.R. § 416.994a(b). The ALJ first found EKM had experienced medical improvement with his impairments as of October 1, 2015. (Tr. 252-258.) She next determined EKM's impairments - that previously medically equaled Listing 111.09 at the time of the CPD - no longer met or medically equaled Listing 111.09 as of October 1, 2015. (Tr. 258.) She also determined EKM's impairments did not functionally equal a Listing. (*Id.*) Finally, the ALJ found that, considering EKM's combined impairments, he has not met, medically equaled, or functionally equaled a listing since October 1, 2015. (Tr. 270.) Accordingly, the ALJ found EKM's disability ended as of October 1, 2015, and he has not become disabled again since that date. (*Id.*)

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final

---

[1]The Commissioner summarizes EKM's illness as:
Bartter's syndrome is a group of similar kidney disorders that cause an imbalance of potassium, sodium, chloride, and other molecules in the body. In some cases, the condition manifests before birth with increased amniotic fluid surrounding the affected fetus (polyhydramnios). Affected infants typically do not grow and gain weight as expected (failure to thrive). Dehydration, constipation and increased urine production result from losing too much salt (sodium chloride) in the urine, and weakening of the bones can occur due to excess loss of calcium. Low levels of potassium in the blood (hypokalemia) can cause muscle weakness, cramping, and fatigue. *See* https://rarediseases.info.nih.gov/diseases/5893/bartter-syndrome (last visited March 15, 2019). (Doc. No. 14 at 5.)
[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

2

decision of the Commissioner. (Tr. 1-5). Plaintiff initiated the instant Complaint challenging the decision of the Commissioner. (Doc. No. 2.)

In support of the Complaint, Plaintiff says, "The ALJ erred in failing to give opinions of Dr. Gray the weight they are entitled to under the treating physician's rule." (Doc. No. 12 at 9.) Adam C. Gray, M.D., has been EKM's treating physician for nearly his entire life. (Tr. 1251.) He is a family doctor but completed a residency in nephrology. (Tr. 323-324.) Plaintiff seemed very genuine in her description of Dr. Gray as "an amazing practitioner." (Tr. 324.)

Dr. Gray submitted a Child's Medical/Functional Assessment. (Tr. 1093-1095.) Dr. Gray's assessment reports that EKM is extremely limited by his Bartter's Syndrome. (*Id.*) If Dr. Gray's assessment was given great weight, EKM would likely be considered disabled.

In evaluating Dr. Gray's assessment, the ALJ gave Dr. Gray's report little weight and concluded:

> In reaching a decision in this case, the undersigned has also considered the opinion(s) expressed by the primary care physician, Dr. Adam Gray in Exhibits 28F and 33F. However, for reasons as stated or outline [sic] in significant detail within this decision above, the undersigned finds the opinion(s) of Dr. Gray inconsistent with the evidence of record as a whole, including some degree of internal inconsistency with some of Dr. Gray's own records regarding the overall persistence and/or severity of symptoms since on or about October 1, 2015. Specifically, upon a thorough consideration of the objective medical evidence as a whole, as included above, the undersigned Administrative Law Judge does not find support for the degree of functional limitations advocated or assessed by Dr. Gray. Notably, in Exhibit 28, Dr. Gray opines "extreme" limitations in overall functioning (Ex. 28F/3), but alternatively states that Bartter's Syndrome results in only "occasional extreme "and "frequent moderate" limitations. No other physician or medical specialist involved in the claimant's care, and no teacher involved with the claimant in the classroom, has ever suggested or opined such severe functional limitations. Additionally, there is no evidence from which to conclude the claimant has manifested such severe functional limitations either at home, or in and academic setting. Finally, as addressed in detail above, records provided through the claimant's treating specialists at Arkansas Children's Hospital or other medical specialist facilities, appear to repeatedly reference normal physical examination findings.

3

(Tr. 264.)

I have carefully reviewed the overall evidence of record. This case is an extremely difficult one because of the sympathetic nature of the claim and the genuine testimony of EKM's family. And from a practical matter, it is without question that EKM has chronic issues from Bartter's syndrome. However, given the task before me, I am simply unable to find any basis to overturn the decision of the ALJ.

Most significantly, I agree with the ALJ's determination that no other medical practitioner has reported limitations even close to what Dr. Gray has reported. Rather, aside from Dr. Gray's Medical/Functional Assessment, the overall record strongly supports the ALJ's decision here.

Most compelling are EKM's treatment notes from the Arkansas Children's Hospital nephrology clinic where he was seen since October 2011. EKM was initially treated by Karen M. Redwine, M.D. and then began seeing Mohammed Ilyas, M.D., (Tr. 22.) Treatment notes from what appears to be August 3, 2015, (Tr. 24), reveal that EKM continued to have "leg cramps in spite of a normal serum electrolytes" and "[h]e become[s] slightly more fatigued towards the evening." (Tr. 22.) But a thorough examination of EKM revealed generally normal findings. (Tr. 23-24.) Follow up notes a year later continue to show nothing limiting to the degree reported by Dr. Gray. (Tr. 169-174.) And the most recent notes from June 29, 2017, wholly support the ALJ's determination that EKM had improved to the extent he was no longer disabled. (Tr. 126-132.) On physical examination, Dr. Ilyas reported, "[EKM] is quite interactive and alert without any distress." (Tr. 129.) The examination results were generally "normal" and Dr. Ilyas concluded, "As patient has normal and stable serum and electrolytes we will continue with the

present dose of [medications]." (Tr. 132.) Nothing from Dr. Ilyas' examination reveals severe limitation or disability.

Accordingly, I find the ALJ's decision is supported by substantial evidence. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Counsel for both sides have done exemplary work on behalf of their respective clients. I am sympathetic to Plaintiff's claims. I am certain EKM experiences some degree of cramps, fatigue, and limiting effects. But the overall medical evidence provides substantial support for the ALJ's determination that his medical condition has improved, and he is no longer disabled.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 16th day of April 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE